IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| James French, | |
| Plaintiff, | Case No.: 23-cv-50114 |
| v. | Judge Iain D. Johnston |
| Alisha Lizer, *et al.* | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff James French pled guilty to a municipal ordinance violation for door-to-door solicitation without a permit. French seeks to recover court costs, attorneys' fees, and punitive damages from this event under 42 U.S.C. § 1983 because, in his view, the anti-solicitation ordinance violates the First Amendment. For the reasons explained below, the Defendants' Motion for Summary Judgment is granted.

I.   **Background**

The following facts are undisputed, except where otherwise noted.[1]

---

[1] "On summary judgment, the Court limits its analysis of the facts to the evidence that is presented in the parties' Local Rule 56.1 statements." *Kirsch v. Brightstar Corp.*, 78 F. Supp. 3d 676, 697 (N.D. Ill. 2015).

1

a. Parties

Plaintiff James French was previously convicted of a sex offense against a minor and, years after his release from prison, a municipal ordinance violation for door-to-door solicitation without a permit. Dkt. 43, ¶¶ 1, 42. French sues his town's mayor, Defendant Alisha Lizer, for directing local police officer, Defendant Bradley Curtis, to cite him under the Ordinance. Lizer and Curtis are collectively considered the Individual Defendants.

The remaining Defendants are all members of the Village of Dakota Board of Trustees. Each of the Trustee Defendants joined the Board at least fifteen years after Dakota adopted the challenged Ordinance. *Id.* at ¶ 1. Though they played no role in drafting the initial Ordinance, the Trustee Defendants voted to amend the Ordinance on notice of this suit. Importantly, none of the board members who drafted the initial Ordinance are parties to this suit.

b. Factual background

All Parties live in the Village of Dakota: a small town in Stephenson County with very few secrets. Because Dakota only has about 500 citizens, residents are generally aware that French was convicted of sexually molesting a young family member. *Id.* When he began to approach his neighbors' homes as part of a local prohibition campaign, residents contacted the town mayor and local police department. *Id.* at ¶ 24. At least two residents reported their discomfort with a

registered sex offender approaching homes with children present.² *Id.* at ¶ 1; Dkt. 41-2, 15:4–9, 17:13–14.

Upon learning of this issue, Defendant Mayor Lizer, sought advice of counsel on how to best address her constituents' complaints. Dkt. 43 at ¶ 27. She spoke briefly with the Stephenson County State's Attorney's Office and Dakota's Police Department ("DPD") before researching the town's canvassing laws. *Id.*; *id.* at ¶ 30. After discovering that Dakota's Solicitation Ordinance required permits to solicit,³ Mayor Lizer directed DPD Officer Defendant Bradley Curtis to cite French under the Ordinance. Then, Mayor Lizer called local counsel to discuss the violation. *Id.* at ¶¶ 31, 34.

From that moment on, local counsel was solely responsible for prosecuting the ordinance violation against French. And even so, counsel never warned any of the Defendants that the Ordinance was constitutionally suspect. *Id.* at ¶ 34. To the Defendants' knowledge, no one else has challenged the constitutionality of Dakota's

---

² French contends that none of the complaints came from citizens who personally had young children, but it doesn't ultimately matter who made the complaints. The relevant fact is only that Mayor Lizer was responding to citizen concerns.

³ At the time of the incident, Dakota's Solicitation Ordinance read:
> (A). It shall be unlawful for any peddler, solicitor, canvasser or temporary vendor to engage in their respective activities within the Village without first making application for a permit therefor. Such application shall be made on forms provided for that purpose by the Village Clerk. (D). No permit shall be issued to… any person having previously been convicted of any felony. Falsification of any information contained in the application shall be a prima facie reason for the denial of the permit or license applied for. 3-2-6: Penalty: Any person violating any provision of this Chapter shall, upon conviction thereof, be fined in an amount of not less than five dollars ($5.00) nor more than two hundred dollars ($200.00).
> Dkt. 41, ¶ 16.

3

Solicitation Ordinance in its thirty-four-year history. *Id.* at ¶ 34(a). And even though French believed the Ordinance was unconstitutional, he ultimately elected to plead guilty without presenting these arguments to the state trial court. *Id.* at ¶ 42; Dkt. 41-2, 79:18–21.

   c. Procedural history

The ordinance conviction became final nearly two years ago, when a local judge signed and accepted French's guilty plea. Dkt. 43 at ¶ 43. Now, for the first time, French alleges that Mayor Lizer, Officer Curtis, and several members of Dakota's Board of Trustees violated his rights under the First Amendment. French seeks compensatory and punitive damages from all Defendants, and in response, the Defendants move for summary judgment. The Defendants argue they're entitled to qualified immunity, and French insists that enforcement of the Ordinance violates clearly established law. But after reviewing the Parties' briefs, the Court raised the issue of favorable termination under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The Court briefly explained its concerns in a minute order and allowed French time to file supplemental briefing, explaining why his claims aren't *Heck*-barred. Dkt. 46. French timely filed a responsive pleading. Dkt. 48.

**II. Analysis**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must construe the "evidence and all reasonable

4

inferences in favor of the party against whom the motion under consideration is made." *Rickher v. Home Depot, Inc.*, 535 F.3d 661, 664 (7th Cir. 2008). A genuine dispute of material fact exists if a reasonable jury could return a verdict for the nonmovant; it does not require that the dispute be resolved conclusively in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). However, "[s]peculation is insufficient to withstand summary judgment." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1127 (7th Cir. 1996). Indeed, "the nonmoving party 'must do more than simply show there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

    a. Preliminary issues

To pick off the low-hanging fruit, the Court first weighs French's claims against the Trustee Defendants. Whereas individual liability under 42 U.S.C § 1983 "requires personal involvement in the alleged constitutional deprivation," *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017), French acknowledges that no Defendant drafted, recommended, signed, or approved the Solicitation Ordinance "in any way." Dkt. 41 at ¶ 18; Dkt. 43 at ¶ 1. The Trustee Defendants joined the Board years after Dakota adopted its Solicitation Ordinance. And although they amended the Ordinance, French was never fined or denied a permit under the amended version. These claims are meritless.[4]

---

[4] French's claim to punitive damages is equally unfounded. But the Court need not address the issue because it ultimately enters judgment in favor of Defendants.

Having found for the Trustee Defendants, the Court next considers French's § 1983 claims against the Individual Defendants. As the Court previously warned the Parties, these claims implicate the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), which states that § 1983 actions aren't appropriate vehicles for challenging the validity of criminal judgments. By challenging the propriety of his citation under the First Amendment, French necessarily contests the validity of a state court conviction. Still, French maintains that none of his claims are *Heck*-barred.

To that end, French cites two Seventh Circuit cases involving constitutional challenges to fully adjudicated criminal convictions: *Justice v. Town of Cicero*, 577 F.3d 768 (7th Cir. 2009) and *Horina v. City of Granite City, Illinois*, 538 F. 3d 624 (7th Cir 2008), both of which were decided on the merits. Ultimately, these cases offer no support to French. The Seventh Circuit expressly stated in *Justice* that it only resolved the case on the merits because it lacked crucial information about Justice's conviction; when *Justice* and *Horina* were decided, few courts had determined whether city ordinance violations trigger the *Heck* bar. 577 F.3d at 773. Since then, courts have solidly established that *Heck* precludes all claims implying the invalidity of municipal ordinance convictions. *See Stone*, 2014 U.S. Dist. LEXIS 94270 at *13 (collecting cases). By directing counsel to address *Stone*, the Court specifically granted French an opportunity to contest that principle. He hasn't done so. *See Duncan Place Owners Ass'n v. Danze, Inc.*, 927 F.3d 970, 973 (7th Cir. 2019) (arguments not raised are waived).

6

Instead, French tries to distinguish his case from the facts of *Heck* by noting that Heck raised a constitutional challenge to the investigators' pre-trial conduct, as opposed to challenging the constitutionality of the underlying statute. This distinction, as best the Court can tell, is French's own invention. He cites no authorities reflecting this novel restriction, and the Court's independent research revealed several cases applying the *Heck* bar to First Amendment challenges. *E.g.*, *Ebeyer v. Rodriguez*, 909 F. Supp. 2d 1049, 1059 (S.D. Ind. 2012); *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996). Together, *Heck* and its progeny compel summary judgment for the Defendants. But there's another problem with French's claims.

    b. Qualified immunity

As the Defendants note, French hasn't overcome qualified immunity. From the moment the Defendants raised this defense, French bore the burden of establishing that his right to solicit without a permit was clearly established under the particularized facts of this case at the time he received the citation. *See Ziglar v. Abbasi*, 582 U.S. 120, 152 (2017). In making that decision, courts must consider two questions: "whether the plaintiff's allegations make out a deprivation of a constitutional right, and whether that right was clearly established at the time of defendant's alleged misconduct." *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010). "If either inquiry is answered in the negative, the defendant official" is protected by qualified immunity. *Reed v. Palmer*, 906 F.3d 540, 546 (7th Cir. 2018).

7

To survive the clearly established prong of the qualified immunity analysis, a plaintiff must demonstrate that "existing precedent" at the time of the incident placed the constitutional question "beyond debate." *Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011). Though French correctly notes that door-to-door solicitation receives some First Amendment protection, he doesn't offer any current case that identifies the scope of those protections for convicted sex offenders.[5] In addition to the judge who accepted French's guilty plea to the ordinance violation, other courts have affirmed the constitutionality of enforcing restrictions on door-to-door solicitation against registered sex offenders. *E.g.*, *Hobbs v. Cnty. of Westchester*, 397 F.3d 133 (2d Cir. 2005) (order properly barred certain sex offenders from obtaining solicitation permits). As a matter of qualified immunity, it makes little sense to hold municipal employees to a higher standard than even judicial employees.

Fortunately, the Court need not determine whether the unconstitutionality of Dakota's Solicitation Ordinance was clearly established at the time of French's guilty plea. Instead, courts may grant qualified immunity even for violations of clearly established law in extraordinary cases where the official relied on legal advice in taking action. *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982). To determine whether the matter at hand is one such "extraordinary" circumstance,

---

[5] French argues that qualified immunity doesn't apply to this case because the Defendants perform ministerial, as opposed to discretionary, functions. The Seventh Circuit eliminated that distinction forty years ago. *See Coleman v. Frantz*, 754 F.2d 719, 727 (7th Cir. 1985) (describing the distinction as "antiquated and confusing," even back when the Walkman was popular). On this motion alone, French's counsel has twice presented plainly outdated case law. The Court expects better.

8

courts consider: (1) whether the advice was unequivocal and specifically tailored to the particular facts giving rise to the controversy; (2) whether complete information was provided to the advising attorney; (3) the prominence and competence of the attorney; and (4) how soon after the advice was received the disputed action was taken. *Davis v. Zirkelbach*, 149 F.3d 614, 620 (7th Cir. 1998).

French stresses the fourth factor because the Individual Defendants issued the citation before consulting local counsel. In doing so, he fundamentally mistakes which actions are disputed. It's true that the Individual Defendants cited French under the Ordinance. But a citation, by itself, is a nail without a hammer. French's claim to compensatory damages stems not from the citation, but, ultimately, the costs of prosecution: attorneys' fees and court costs that French only incurred once local counsel ratified the citation and pursued a conviction. If anything, the temporal factor proves that the Defendants' reliance on counsel was extraordinary; without counsel's approval, the citation wasn't worth the paper it was printed on.

The remaining *Davis* factors also favor the Defendants. Because local counsel was solely responsible for prosecuting French, he had unfettered access to the relevant documents and presumably used this information to make strategic litigation decisions, specifically tailored to French's conviction. In a small town like Dakota, furthermore, local counsel is undoubtedly the most prominent legal advisor for municipal employees. Even if the claims weren't *Heck*-barred, the Defendants would still be entitled to qualified immunity because they relied on counsel in an extraordinary circumstance.

9

### III.     Conclusion

For the reasons explained above, the Defendants' motion for summary judgment [39] is granted.


Entered: March 3, 2024                              By:_____
                                                             Iain D. Johnston
                                                             U.S. District Judge